907 P.2d 813

**Shawn CHOUINARD, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 21827.**

Court of Appeals of Idaho.

Dec. 11, 1995.

Randall D. Schulthies, Bannock County
Public Defender; Curtis F. Christie, Deputy
Public Defender, Pocatello, for appellant.

Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

Shawn Chouinard appeals from his judgment of conviction and sentence based upon his plea of guilty to four counts of lewd conduct with a minor, I.C. § 18–1508, and from the district court's order dismissing Chouinard's application for post-conviction relief. We affirm.

First, we find it necessary to explain the course of the proceedings below and thereby clarify the issues addressed in this consolidated appeal. Chouinard's appellate brief lists three issues on appeal; two allegedly stemming from the dismissal of his post-conviction application and one as a direct appeal issue arising from the underlying criminal action.

Chouinard pled guilty in case no. C–6249–C to four counts of lewd conduct. No direct appeal was taken at that time. Later, Chouinard filed an application for post-conviction relief in case no. 42477C. In that application Chouinard alleged ineffective assistance of counsel by counsel's failure to file a direct appeal upon being requested to do so. As part of its ruling, the district court granted relief to Chouinard and allowed a direct appeal to be filed in case no. C–6249–C. The district court then summarily denied the remaining claims in Chouinard's application and consolidated the appeal in the underlying criminal action with the appeal in the post-conviction matter. A consolidated record, which included both clerks' records below, was filed with the appellate court in April 1995.

In his appellate brief filed in July, counsel for Chouinard lists as his second issue on appeal, "Was Appellant prejudiced by ineffective assistance of counsel by trial counsel's failure to file an appeal within the Forty Two (42) day statutory period?" Following briefing and argument for this Court to vacate the district court's order and remand for a hearing on this issue, counsel's third listed issue on appeal arises from the direct appeal in the criminal case allowed by the district court. This third issue is Chouinard's chal-

lenge to the sentence, alleging an abuse of the trial court's discretion.

Chouinard did not file a reply brief and did not notify this Court by letter, pleading or any record filed below that this claim that counsel was ineffective by failing to file an appeal within forty-two days was moot or being withdrawn from consideration. This issue is frivolous inasmuch as Chouinard was granted relief on this claim by the district court. Thus, it will not be addressed further.

## I.

### POST–CONVICTION APPEAL

Chouinard's first issue on appeal asserts that the district court erred in summarily dismissing other claims in his application for post-conviction relief. Specifically, Chouinard alleges that he received ineffective assistance from trial counsel by counsel's failure to explain the charges to Chouinard and failure to advise Chouinard of key terms and conditions of the plea bargain before he pled guilty. As a result, Chouinard contends that he was unable to make a fully informed, knowing and intelligent plea of guilty.

An application for post-conviction relief initiates a proceeding which is civil in nature. State v. Bearshield, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); Clark v. State, 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); Murray v. State, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct.App.1992). Summary dismissal of an application pursuant to Idaho Code Section 19–4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19–4907; Russell v. State, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990). An application for post-conviction relief differs from a complaint in an ordinary civil action, however, for an application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the per-

sonal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code Section 19-4906 authorizes summary disposition of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact which, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State*, 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App.1991); *Hoover v. State*, 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct.App.1988); *Ramirez v. State*, 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987). Summary dismissal of a petition for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence for the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994); *Hays v. State*, 113 Idaho 736, 739, 747 P.2d 758, 761 (Ct.App.1987); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct.App.1986).

On review of a dismissal of a post-conviction application, without an evidentiary hearing, we will determine whether a genuine issue of fact exists based on the pleadings, depositions and admissions together with any affidavits on file; moreover, the court will liberally construe the facts and reasonable inferences in favor of the nonmoving party. *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct.App.1993).

Summary dismissal is appropriate where the record from the criminal action or other evidence conclusively disproves essential elements of the applicant's claims.

*Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Cooper v. State*, 96 Idaho 542, 545, 531 P.2d 1187, 1190 (1975); *Remington v. State*, 127 Idaho 443, 446–47, 901 P.2d 1344, 1347–48 (Ct.App.1995). *See also Dunlap v. State*, 126 Idaho, 901, 906, 894 P.2d 134, 139 (Ct.App.1995) (police affidavit was sufficient to support issuance of search warrant, and defense attorney therefore was not deficient in failing to move to suppress evidence on ground that warrant was illegally issued); *Stone v. State*, 108 Idaho 822, 826, 702 P.2d 860, 864 (Ct.App.1985) (record of extradition proceedings disproved applicant's claim that he was denied right to counsel in those proceedings). In this respect, summary dismissal is analogous to summary judgment proceedings in an ordinary civil action, where the defendant may obtain summary judgment if the defendant disproves one or more essential elements of the plaintiff's cause of action. *See, e.g., Badell v. Beeks*, 115 Idaho 101, 102, 765 P.2d 126, 127 (1988).

Chouinard's application included documents in support of his allegations. One of those documents was a post-sentencing letter from trial counsel to Chouinard. In the letter, counsel states, "I advised you that you were going to jail and the reasons why. I mentioned to you specifically that because you insisted on staying with Betsy that the Judge was likely to remove you from society for at least ten (10) years." Counsel's letter further stated, "As for recommending you plead guilty or not, that was your choice. I advised you to tell the truth, … I was unsuccessful in advising you to listen to your lawyer and counselor's advice and not Betsy's advice."

The state filed an answer and requested dismissal of the application. The district court heard oral argument on the state's motion, reviewed the record in criminal case no. C–6249–C and found that there was no merit to Chouinard's ineffective assistance claim. At the change of plea hearing in the underlying criminal case Chouinard pled guilty to four counts and a fifth count of lewd conduct was dismissed. The district court painstakingly questioned Chouinard in regards to the voluntariness of his plea, the

maximum possible sentence and whether any promises, threats or agreements had been made. In addition Chouinard was required, prior to his plea appearance, to complete a questionnaire detailing his understanding of his rights and defenses, the nature of the proceedings, his guilt of the crimes charged and his satisfaction with his counsel's representation. The district court concluded that Chouinard had not shown that trial counsel's performance had been deficient and dismissed his application without an evidentiary hearing.

We agree with the conclusion of the district court that Chouinard failed to present a claim for relief. We find no error in the district court's summary dismissal of Chouinard's application for post-conviction relief.

## II.

## DIRECT APPEAL

We next consider Chouinard's direct appeal assertion that the sentence, a unified term of twenty-nine years with nine years' fixed, constituted an abuse of the district court's discretion.

■ Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well-established. *See State v. Hernandez,* 121 Idaho 114, 117–18, 822 P.2d 1011, 1014–15 (Ct.App.1991); *State v. Lopez,* 106 Idaho 447, 449–51, 680 P.2d 869, 871–73 (Ct.App.1984); *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).

■ The charges in this matter were filed as the result of Chouinard's sexual abuse of his nephew and niece. The abuse of the nine-year-old nephew included oral and anal sex over some period of time. The fourteen-year-old niece stated that she had been abused on approximately thirty occasions by Chouinard. She said that at times she was paid money by Chouinard for acts of oral sex and vaginal and anal intercourse.

Chouinard was thirty-one at the time of sentencing. He had no previous criminal record other than minor traffic offenses. Chouinard continued to live in the same home and had the support of his wife. However, also in that home were two minor children, one of whom had witnessed the sexual abuse of his cousins by his father. Upon review of the record before the district court at sentencing, we do not find that the sentence imposed was unreasonable under any view of the facts.

Therefore, the judgment of conviction and sentence are affirmed. The order dismissing Chouinard's application for post-conviction relief is also affirmed.

WALTERS, C.J., and LANSING, J., concur.