IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 33180

| | | |
|---|---|---|
| **TYSON LEE BUSS,** | ) | **2009 Opinion No. 30** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: April 20, 2009** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Gregory S. Anderson, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>reversed</u> and case <u>remanded</u>.

Molly J. Huskey, State Appellate Public Defender; Sara B. Thomas, Chief, Appellate Unit, Boise, for appellant. Sara B. Thomas argued.

Hon. Lawrence G. Wasden, Attorney General; Daniel W. Bower, Deputy Attorney General, Boise, for respondent. Daniel W. Bower argued.

_____

GUTIERREZ, Judge

Tyson Lee Buss appeals from the summary dismissal of his petition for post-conviction relief. For the reasons set forth below, we reverse and remand for further proceedings.

## I.

## BACKGROUND

Buss entered an *Alford*[1] plea to one count of voluntary manslaughter, I.C. § 18-4006(1), with a deadly weapon enhancement, I.C. § 19-2520. The facts underlying the charges, as revealed by the state at the change of plea hearing, are that Buss became involved in a heated argument with the victim over money owed by Buss to the victim. After approaching Buss on the street, the victim raised his voice in anger and informed Buss that he had better pay the

_____

[1]    *See North Carolina v. Alford*, 400 U.S. 25 (1970).

money owed or Buss would have to shoot him. Buss was carrying a 9mm semiautomatic gun and discharged it once into the victim's abdomen. The victim did not survive the attack. After sentencing, Buss filed a petition for post-conviction relief, alleging ineffective assistance of defense counsel. The state filed an answer and a motion for summary dismissal. At the subsequent hearing, Buss sought to withdraw his petition and the district court granted a voluntary dismissal pursuant to Idaho Rule of Civil Procedure 41(a)(2). Six months later, Buss filed the current petition for post-conviction relief, again alleging ineffective assistance of counsel. He asserted five separate claims of ineffective assistance, only one of which is at issue in this case: whether counsel was ineffective for advising Buss that self-defense and justifiable homicide were not allowed as affirmative defenses in Idaho, thereby causing Buss to plead guilty despite his lack of culpability. The state again filed an answer and a motion for summary dismissal. The district court summarily dismissed Buss's petition after a hearing on the state's motion. The court determined that the petition was barred by I.C. § 19-4908 as a successive petition, that it was barred by the doctrine of issue preclusion, and that Buss had failed to present facts showing he was prejudiced by the alleged ineffective assistance of counsel. This appeal followed.

## II.

### STANDARD OF REVIEW

An application for post-conviction relief initiates a proceeding that is civil in nature. *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State*, 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). As with a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). An application for post-conviction relief differs from a complaint in an ordinary civil action. An application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In

2

other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code Section 19-4906 authorizes summary disposition of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application pursuant to section 19-4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact which, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State*, 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct. App. 1991); *Hoover v. State*, 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct. App. 1988); *Ramirez v. State*, 113 Idaho 87, 88-89, 741 P.2d 374, 375-76 (Ct. App. 1987). Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986).

### III.

### DISCUSSION

The state concedes that because the dismissal of Buss's initial petition was without prejudice, the district court erred by dismissing the second petition as a successive petition pursuant to I.C. § 19-4908, and by dismissing the petition due to the doctrine of issue preclusion. Buss asserts that the state's motion stated no other ground for dismissal of his claim of ineffective assistance of counsel, and therefore, the district court erred by *sua sponte* dismissing this claim without first providing twenty days' notice of the proposed ground for dismissal as required by I.C. § 19-4906(b). The state counters that Buss failed to preserve an objection because he did not challenge the sufficiency of the notice before the district court. As relevant, the state's motion for summary dismissal states:

> Respondent, State of Idaho, by and through the Bonneville County Prosecuting Attorney's Office, moves the Court to dismiss Petitioner's post-conviction petition. The petition is a successive petition to the petition filed by the petitioner in Bonneville County Case # CV-05-3532. Petitioner has no

evidentiary basis to support his claims.  *Small v. State*, 132 Idaho 327, 331, 971 P.2d 1151, 1155 (Ct. App. 1999).

 . . . .

No Issue of Material Fact

In addition to the foregoing, the record readily establishes that Judge St. Clair explained to the petitioner the consequences of pleading guilty, and established that the Petitioner's guilty plea was made knowingly and voluntarily. Change of Plea Transcript is attached.  In *Chouinard v. State*, 127 Idaho 836, 907 P.2d 813 (Ct. App. 1995), the Idaho Court of Appeals upheld the dismissal of an application for post conviction relief where the petitioner claimed ineffective assistance of counsel.  The Court stated:

> At the change of plea hearing in the underlying criminal case Chouinard pled guilty to four counts and a fifth count of lewd conduct was dismissed.  The district court painstakingly questioned Chouinard in regards to the voluntariness of his plea, the maximum possible sentence and whether any promises, threats or agreements had been made.  In addition Chouinard was required, prior to his plea appearance, to complete a questionnaire detailing his understanding of his rights and defenses, the nature of the proceedings, his guilt of the crime charged and his satisfaction with his counsel's representation.  The district court concluded that Chouinard had not shown that trial counsel's performance had been deficient and dismissed his application without an evidentiary hearing.
> (*Id.* at pp. 839-840)

The record renders it abundantly clear that petitioner was advised of the consequences of pleading guilty before entering his plea.  He cannot now meritoriously claim that he received ineffective assistance of counsel with regard to his guilty plea.  Furthermore, even if his trial counsel failed to properly advise petitioner of the consequences of the guilty plea, petitioner cannot show actual prejudice since Judge St. Clair advised him of the consequences thereby precluding any finding that the second prong of the two-prong *Strickland* test could be met.  *See infra*.

Furthermore, a good faith assurance of leniency or a mere prediction by a defense counsel to a defendant of the sentence anticipated is no grounds for post conviction relief although the sentence imposed is greater than predicted.  *Walker v. State*, 92 Idaho 517, 520, 446 P.2d 886, 889 (1968).

Therefore, no genuine issue of material fact exists and the State is entitled to judgment as a matter of law.

4

Pursuant to I.C. § 19-4906(b),[2] the district court may *sua sponte* dismiss an applicant's post-conviction claims if the court provides the applicant with notice of its intent to do so, the ground or grounds upon which the claim is to be dismissed, and twenty days for the applicant to respond. Pursuant to I.C. § 19-4906(c),[3] if the state files and serves a properly supported motion to dismiss, further notice from the court is ordinarily unnecessary. *Saykhamchone v. State*, 127 Idaho 319, 322, 900 P.2d 795, 798 (1995). The reason that subsection (b), but not subsection (c), requires a twenty-day notice by the court of intent to dismiss is that, under subsection (c), the motion itself serves as notice that summary dismissal is being sought. *Id.* Idaho Rule of Civil Procedure 7(b)(1) requires that the grounds of a motion be stated with "particularity." *See DeRushe v. State*, 146 Idaho 599, 200 P.3d 1148 (2009) (reiterating the requirement of reasonable particularity in post-conviction cases). If the state's motion fails to give such notice of the grounds for dismissal, the court may grant summary dismissal only if the court first gives the applicant the requisite twenty-day notice of intent to dismiss and the grounds therefore pursuant to I.C. § 19-4906(b). *See Saykhamchone*, 127 Idaho at 322, 900 P.2d at 798. Similarly, where the state has filed a motion for summary disposition, but the court dismisses the application on grounds different from those asserted in the state's motion, it does so on its own initiative and the court must provide the twenty-day notice. *Id.*

When a district court summarily dismisses a post-conviction application relying in part on the same grounds presented by the state in its motion for summary dismissal, the notice requirement has been met. *See Workman v. State,* 144 Idaho 518, 524, 164 P.3d 798, 804 (2007). In that case, the Idaho Supreme Court determined that, although the district court noted grounds for dismissal in addition to those advanced by the state, the district court's reasoning for dismissal of Workman's petition was not so different in kind as to transform its decision into a

---

[2]    (b)    When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply within 20 days to the proposed dismissal. . . .

[3]    (c)    The court may grant a motion by either party for summary disposition of the application when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

*sua sponte* dismissal. *Id.* at 524, 164 P.3d at 804. The overlap between the reasoning in the district court's decision and the state's motion to dismiss must be substantial. *Id.* If, however, the district court summarily dismisses a claim without reliance on any ground contained in the state's motion, the dismissal will be treated as a *sua sponte* dismissal and requires a twenty-day notice. *See DeRushé*, 146 Idaho at 602, 200 P.3d at 1151.

Here, the state's motion for summary dismissal opens with an introductory paragraph stating the purpose of the motion, and generally stating that "[p]etitioner has no evidentiary basis to support his claims." After first arguing another ground for dismissal not at issue here, the state then delves into argument quoted above under the heading "No Issue of Material Fact." The state mistakenly addressed Buss's petition as though it made a claim that his guilty plea was not entered knowingly and voluntarily because he was not apprised of the consequences of pleading guilty. In fact, Buss did not make such a claim. Buss claimed that his guilty plea was coerced or unknowing because his attorney told him that Idaho did not recognize self-defense or justifiable homicide as affirmative defenses to the charge. The state did not respond in any way to that claim or the effect his attorney's alleged advice had on his decision to plead guilty.

During the hearing on the state's motion for summary dismissal, the district court engaged in a detailed colloquy with Buss regarding the basis for his claim. The court assumed, for purposes of the matter, that Buss's trial attorney was deficient for advising him that self-defense and justifiable homicide were not options in Idaho. The following day, the district court denied Buss's claim of ineffective assistance of counsel for failure to satisfy both prongs of the *Strickland* test for ineffective assistance of counsel. The district court held that Buss had failed to provide:

> . . . any facts that support an argument for self defense or justifiable homicide. As a petitioner opposing summary dismissal under § 19-4906, Buss is required to present evidence to support every controverted element of his claim for relief. *Mata v. State*, 124 Idaho 588, 592, 861 P.2d 1253, 1257 (Ct. App. 1993). Without any facts supporting self defense or justifiable homicide, Buss has not proved that he was prejudiced by trial counsel's alleged advice (ie., that he would not have pled guilty).

In this case, the district court's summary dismissal of Buss's petition was based on grounds not asserted by the state. While the state's motion contained an introductory sentence declaring that there was no evidence to support Buss's claims, the state's argument focused exclusively on a claim that Buss never raised. The state argued that Buss failed to provide

6

evidence showing his guilty plea was not knowing and voluntary because he had not been apprised of the direct consequences of his guilty plea. The state did provide grounds for dismissal with reasonable particularity, indicating which elements of this hypothetical claim lacked supporting evidence; unfortunately, the state's motion did not address the ineffective assistance of counsel claim that Buss actually alleged. The district court understandably ignored the state's reasoning when it ordered the summary dismissal of Buss's petition, focusing on the elements of his claim for ineffective assistance of counsel--deficiency and prejudice. The district court dismissed Buss's claim for failure to provide evidence to support the prejudice element of his claim. The state's motion and the grounds for dismissal stated by the district court call for two very different factual responses from Buss. There is no substantial overlap between the district court's basis for dismissal and the state's motion for dismissal. Therefore, the district court dismissed Buss's petition on its own initiative. *See Workman*, 144 Idaho at 524, 164 P.3d at 804. When the district court grants summary dismissal for reasons other than those provided by the state, the court is required to provide twenty days' notice pursuant to I.C. § 19-4906(b). *Saykhamchone*, 127 Idaho at 322, 900 P.2d at 798. The district court erred by failing to provide Buss with a notice of intent to dismiss and the opportunity to respond.

## IV.

## CONCLUSION

The state concedes that the district court erred by summarily dismissing Buss's petition for post-conviction relief on the grounds that the petition was successive and that the claims were barred by issue preclusion. The district court dismissed Buss's petition on grounds different from those asserted by the state, and therefore the dismissal was *sua sponte* and without proper notice. The district court's order granting summary dismissal is reversed and the case is remanded so that Buss may have twenty days to respond to the court's notice of intent to dismiss.

Chief Judge LANSING **CONCURS**.

Judge GRATTON, **DISSENTING**.

I respectfully dissent. An applicant may challenge, for the first time on appeal, summary dismissal when *no* notice at all was given of the ground for dismissal. If a court determines to dismiss a claim on a ground for which *no* notice was given, the court must first give the applicant a twenty-day notice of its intent to dismiss on that ground. However, under *DeRushé v. State*, 146 Idaho 599, 200 P.3d 1148 (2009), an applicant is precluded from raising a claim of

inadequate notice, i.e., failure of the State's motion to state the grounds for dismissal with sufficient particularity, for the first time on appeal. Unless an applicant challenges the sufficiency of the State's motion before the district court, it cannot be considered on appeal. I believe that to be the situation in this case.

The State's motion states as its basis:

> Respondent, State of Idaho, by and through the Bonneville County Prosecuting Attorney's Office, moves the Court to dismiss Petitioner's post-conviction petition. The petition is a successive petition to the petition filed by the petitioner in Bonneville County Case # CV-05-3532. Petitioner has no evidentiary basis to support his claims. *Small v. State*, 132 Idaho 327, 331, 971 P.2d 1151, 1155 (Ct. App. 1999).

The motion, therefore, identified two grounds for dismissal, successive petition and a lack of evidentiary basis to support the claims raised in the application. The claim at issue here is that Buss's counsel rendered ineffective assistance of counsel by incorrectly advising Buss that self-defense and justifiable homicide are not defenses available under Idaho law. The district court found that Buss had failed to provide sufficient evidence to support his claim of ineffective assistance of counsel. Thus, the district court dismissed the claim on the second ground set forth in the motion. Clearly, the State's motion does, indeed, state that insufficiency of evidence as to Buss's claims is a ground for dismissal.

In reality, what the majority does is engage in an analysis of the sufficiency of the notice. The real basis for the majority decision is the asserted failure of the notice to be stated with sufficient particularity. Whether the phrase "petitioner has no evidentiary basis to support his claims," by itself does or does not constitute sufficient notice regarding the ground of insufficiency of the evidence under *DeRushé*, can be debated. However, the point is that analytically the majority should recognize, which it does not, that this is an analysis of whether the notice was given with sufficient particularity. Under *DeRushé*, since the issue of sufficiency of the notice was not raised below, it cannot be raised on this appeal.

It should be noted that the *argument* section of the State's motion is completely inapposite to the claim that Buss's counsel rendered ineffective assistance of counsel by incorrectly advising Buss that self-defense and justifiable homicide are not defenses available under Idaho law. The argument section is entirely devoted to Buss's claims of ineffective assistance of counsel relating to his guilty plea. The district court noted that five ineffective assistance of counsel claims had been raised by the application: "(1) trial counsel told Buss that

8

the defenses of self-defense and justifiable homicide do not exist in Idaho; (2) trial counsel coerced Buss to plead guilty; (3) trial counsel did not allow Buss to review witness statements; (4) Buss was on drugs at the time he pled guilty; and (5) Buss was not allowed to speak with his family before making the decision to plead guilty." The majority incorrectly states that the argument section of the State's motion addresses a claim Buss never made. In fact, the argument section addresses the issues of a voluntary and knowing plea raised by claims (2) through (5), above. Obviously, the State felt it necessary to further particularize the basis for the motion as to the issues involving the guilty plea, but rely on the statement "Petitioner has no evidentiary basis to support his claims" as to claim (1), above. This is endorsed by *DeRushé*. *DeRushé* does not require adding anything to the statement that there is a lack of evidence supporting the claim. *DeRushé* states: "Reasonable particularity only requires pointing out that there is a lack of evidence showing prejudice. It does not require explaining what further evidence is necessary, particularly since it may not exist." *DeRushé*, 146 Idaho at 602, 200 P.3d at 1151.

The notice issue cannot be addressed by the court on a sufficiency of notice analysis, as that is expressly precluded by *DeRushé*. In addition, since the motion states that "petitioner has no evidentiary basis to support his claims," it cannot accurately be claimed that there is *no* notice. So, the majority turns to the question of whether a ground set forth in the motion is a ground upon which the court dismissed the claim. The State raised two "grounds" for dismissal, successive petition and insufficiency of the evidence. The district court dismissed the incorrect advice ineffective assistance of counsel claim on the second ground, insufficiency of the evidence. The majority holds that is not good enough. In fact, the majority holds that the basis for dismissal by the district court is a basis not even stated in the motion. In order to do so, the majority completely disregards the paragraph from the motion quoted above, and focuses solely on the argument section. Since the State did not restate the ground of insufficiency of the evidence as to the incorrect advice ineffective assistance of counsel claim in the argument section, the majority holds that the district court dismissed on a ground not set forth by the State. According to the majority, if there is no argument on the particular claim, any basis for dismissal by the district court will be held to be on a basis other than that stated in the motion. However, in my view, the arguments serve to provide particularization of the ground for dismissal and the question of whether the motion provides reasonable particularization should be reviewed under a sufficiency of notice analysis. Moreover, because *DeRushé* expressly provides that no argument

is necessary when the ground for dismissal is insufficiency of the evidence, I fail to see what the State was required to say in the argument section of the brief about that ground.

The issue here is sufficiency of notice. *DeRushé* speaks to the question of the sufficiency of the notice:

> In the present case, DeRushé was represented by counsel. If the State did not state the grounds of its motion with sufficient particularity, then DeRushé should have raised that issue below. He cannot raise the alleged lack of specificity for the first time on appeal.

*DeRushé*, 146 Idaho at 602, 200 P.3d at 1151 (citations omitted). In this case, Buss was represented by counsel at the hearing on the motion for summary dismissal.[4] At the hearing, the issue of sufficiency of the evidence regarding the prejudice element of the ineffective assistance of counsel claim crystallized into whether Buss had submitted any evidence relative to the viability of a self-defense or justifiable homicide defense. Buss's counsel argued that the burden to come forward with such evidence should await an evidentiary hearing. The court suggested that Buss had the burden, on the motion, to at least bring forward enough evidence of viability of these defenses to create a genuine issue of fact, such that an evidentiary hearing would then be appropriate. Buss's counsel acknowledged that any such evidence beyond the application itself had not been submitted relative to the motion. The court dismissed the claim stating that Buss had failed to submit any facts supporting self-defense or justifiable homicide and, therefore, failed to support the element of prejudice. Buss did not object to the adequacy of the State's motion. Buss did not object to the potential basis for dismissal asserted by the court during the hearing, express surprise or request additional time to supplement the record with additional evidence. Since this case represents a sufficiency of the notice issue and not a case of the district court dismissing on a ground wholly different than that set forth in the motion, *DeRushé* appears to preclude the issue being considered on this appeal.

---

[4]     The application was filed on December 15, 2005. Counsel was appointed the next day. The State's motion was filed on February 27, 2006. The hearing was conducted on April 6, 2006. Buss submitted nothing in response to the motion.