**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38042**

| | | |
|---|---|---|
| LAWRENCE JOSEPH OLSON, | ) | 2012 Unpublished Opinion No. 398 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: March 9, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge.

Order dismissing original petition for post-conviction relief, <u>reversed</u> and <u>case remanded</u>; order granting partial summary dismissal of first amended petition for post-conviction relief, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Elizabeth Ann Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Lawrence Joseph Olson appeals from the district court's order dismissing his original petition for post-conviction relief. Olson contends the district court failed to rule on Olson's motion for appointment of counsel prior to ruling on the merits of his claims and failed to provide Olson with the required notice of its intent to dismiss. Olson also appeals from the district court's order granting partial summary dismissal of his first amended petition for post-conviction relief, arguing the district court also failed to provide him with the required notice of its intent to dismiss when it dismissed two of his claims on grounds other than those given in the State's motion for summary dismissal. For the reasons set forth below, we reverse in regard to the original petition and remand the case for further proceedings, and we affirm in regard to the first amended petition.

# I.

## FACTS AND PROCEDURE

In 2008, Olson pled guilty to felony driving under the influence (DUI) and being a persistent violator and was sentenced to a unified life term, with seven years determinate. After obtaining no relief on direct appeal, in May 2009, Olson filed an original pro se petition for post-conviction relief, an affidavit in support, and a motion for appointment of counsel. Olson alleged numerous errors and constitutional violations in the underlying criminal proceedings, including allegations that his confession was illegally obtained, his guilty plea was coerced and given under duress, he received ineffective assistance of counsel, defense counsel had a material conflict of interest, and the persistent violator statute is overbroad and unconstitutionally vague.

The State filed an answer to the original petition without also filing a motion for summary dismissal. Without ruling on Olson's motion for appointment of counsel and without providing Olson the required notice of its intent to dismiss, the district court sua sponte dismissed the original petition as to all claims save that regarding ineffective assistance of counsel and granted Olson leave to amend regarding that claim only. Olson then filed a first amended petition for post-conviction relief, to which the State responded with a motion for summary dismissal. Olson filed a response and again requested appointment of counsel, which the district court granted. After a hearing on the State's motion for summary dismissal of the first amended petition, the district court granted the State's motion as to all but one claim. The district court again granted Olson leave to amend his petition, giving him twenty days to plead with more specificity the claim that defense counsel failed to inform Olson of his right to remain silent in relation to sentencing.

Olson, through his post-conviction counsel, filed a second amended petition for post-conviction relief. He alleged that defense counsel provided ineffective assistance because of the lack of advice in regards to Olson's right to remain silent in relation to sentencing and because other actions by defense counsel rendered his plea involuntary. After an evidentiary hearing, these claims were denied. Olson timely appeals, asking this Court to reverse the district court's order of dismissal as to the original petition and the dismissal of the two claims in his first amended petition, reinstate the original petition, and remand the case.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008); *see also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like the plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. Idaho Code § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). However, a petition for post-conviction relief "differs from a complaint in an ordinary civil action[.]" *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004) (quoting *Goodwin*, 138 Idaho at 271, 61 P.3d at 628)). The petition must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal.

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of a petition is the procedural equivalent of summary judgment under Idaho Rule of Civil Procedure 56. A claim for post-conviction relief will be subject to summary dismissal if the petitioner "has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof." *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009) (quoting *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998)). Thus, summary dismissal is permissible when the petitioner's evidence has raised no genuine issue of material fact that, if resolved in the petitioner's favor, would entitle the petitioner to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. Summary dismissal of an application for post-conviction relief may be appropriate,

3

however, even where the State does not controvert the petitioner's evidence because the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994). "When reviewing a district court's order of summary dismissal in a post-conviction relief proceeding, we apply the same standard as that applied by the district court." *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010). On review of dismissal of a post-conviction relief petition without an evidentiary hearing, we determine whether a genuine issue of material fact exists based on the pleadings, depositions and admissions, together with any affidavits on file. *Rhoades v. State*, 148 Idaho 247, 220 P.3d 1066 (2009); *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). However, "while the underlying facts must be regarded as true, the petitioner's conclusions need not be so accepted." *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069 (quoting *Phillips v. State*, 108 Idaho 405, 407, 700 P.2d 27, 29 (1985)); *see also Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). As the trial court rather than a jury will be the trier of fact in the event of an evidentiary hearing, summary dismissal is appropriate where the evidentiary facts are not disputed, despite the possibility of conflicting inferences to be drawn from the facts, for the court alone will be responsible for resolving the conflict between those inferences. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Hayes*, 146 Idaho at 355, 195 P.3d at 714. That is, the judge in a post-conviction action is not constrained to draw inferences in favor of the party opposing the motion for summary disposition, but rather is free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts. *Hayes*, 146 Idaho at 355, 195 P.3d at 714.

### III.

### DISCUSSION

Olson presents three issues on appeal. First, Olson argues the district court erred by failing to rule on his motion for appointment of counsel before ruling on the merits in the original petition. Next, Olson argues the district erred by failing to provide Olson notice of its intent to dismiss the claims in his original petition. Finally, Olson asserts the district court erred by granting dismissal of two claims in his first amended petition because it dismissed on grounds other than those asserted by the State in its motion for summary dismissal and did not give Olson notice of its intent to sua sponte dismiss those claims.

4

### A.    The Original Petition

Olson's first two issues on appeal are in regards to the district court's treatment of Olson's original petition. As Olson asserts, without ruling on the motion for appointment of counsel and without providing Olson the required notice of its intent to dismiss, the district court sua sponte dismissed the original petition as to all claims except one.

If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition, in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a motion for court-appointed counsel lies within the discretion of the district court. *Charboneau v. State,* 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004). Importantly, here, when a district court is presented with a motion for appointed counsel, the court must address this motion before ruling on the substantive issues in the case. *Id.* The district court abuses its discretion where it fails to determine whether a petitioner for post-conviction relief is entitled to court-appointed counsel before denying the petition on the merits. *See id.* at 793, 102 P.3d at 1112.

In deciding whether to appoint counsel, a district court should consider that petitions filed by a pro se applicant may be conclusory and incomplete. *See id*. at 792, 102 P.3d at 1111. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State,* 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to provide the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Charboneau,* 140 Idaho at 793, 102 P.3d at 1112.

The district court here failed to abide by the dictates of our Supreme Court in *Charboneau* that the motion for appointment of counsel be addressed before any decision on the merits of the petition. The district court attempted to rule that the issues as pled in the original petition were not valid; but the district court failed to engage in any analysis of whether, regardless of their merit as pled, any of the issues could be developed into potentially meritorious claims. In other words, the district court did not determine whether the claims were so patently frivolous that they could not be developed into viable claims even with the assistance of counsel.

*See Newman*, 140 Idaho at 493, 95 P.3d at 644. We decline to make that determination for the first time on appeal.

The district court further erred in dismissing the claims in the original petition, other than those dealing with ineffective assistance of counsel, without first providing notice to Olson of its intent to dismiss. Such notice may be provided in one of two ways. The district court may provide a petitioner notice of its intent to dismiss, state the ground or grounds upon which the claim is to be dismissed, and provide twenty days for the petitioner to respond. I.C. § 19-4906(b). Alternatively, the State may file and serve a properly supported motion for summary dismissal and, ordinarily, no further notice from the court is required because the motion itself serves as notice that dismissal is being sought. I.C. § 19-4906(c); *Saykhamchone v. State*, 127 Idaho 319, 322, 900 P.2d 795, 798 (1995). No notice was provided prior to the dismissal in this case. Notice to a petitioner allows the petitioner an opportunity to correct deficiencies in a conclusory or incomplete petition and have an opportunity to allege additional facts, raising the possibility of a valid claim before the court dismisses the petition. *Swader v. State*, 143 Idaho 651, 653-54, 152 P.3d 12, 14-15 (2007). Thus, not only did the district court fail to determine whether any of the claims could be developed, with the assistance of counsel into potentially meritorious claims, Olson was given no opportunity to correct any deficiencies in the petition, with or without the assistance of counsel prior to dismissal. Consequently, to the extent Olson's claims in his original petition were not addressed in the first amended petition (discussed below) or in the second amended petition (which resolved the claims therein at an evidentiary hearing), the dismissal of such claims is reversed and remanded to the district court for determination consistent with the procedure as set forth above.

## B.    The First Amended Petition

Olson also argues a lack of notice in the district court's dismissal of two claims in his first amended petition because it dismissed the claims on grounds other than those asserted in the State's motion for summary dismissal of the first amended petition. The State contends the district court dismissed the two claims in the first amended petition on grounds not different in kind from those the State asserted in its motion for summary dismissal and, consequently, no additional notice was required.

Where the court dismisses a petition on grounds different from those asserted in a motion for summary disposition filed by the State, it does so on its own initiative and must provide

6

twenty days' notice. *Workman v. State*, 144 Idaho 518, 524, 164 P.3d 798, 804 (2007); *Gibbs v. State*, 103 Idaho 758, 760, 653 P.2d 813, 815 (Ct. App. 1982). Yet, when the district court summarily dismisses a post-conviction petition relying in part on the same grounds presented by the State in its motion for summary dismissal, the notice requirement has been met. *Workman*, 144 Idaho at 524, 164 P.3d at 804; *Buss v. State*, 147 Idaho 514, 517, 211 P.3d 123, 126 (Ct. App. 2009). Where there is significant overlap between the reasoning of the district court and the State's asserted grounds supporting its motion for summary dismissal, the district court's grounds will not be so different in kind as to transform the decision into a sua sponte dismissal requiring notice. *Buss*, 147 Idaho at 517, 211 P.3d at 126.

In this case, Olson asserts the district court granted dismissal as to claims C and G in the first amended petition for reasons other than the State asserted in its motion for summary dismissal on those claims. In claim C, Olson alleged his counsel had a conflict of interest in that counsel was employed by the Ada County Prosecutor's Office and also that counsel failed to present issues raised by "Butch Shotwell," which Olson had requested of her. In its motion for summary dismissal, the State argued:

> The Petitioner fails to present evidence to establish this [claim]. Clearly, his trial counsel neither is at the present time, nor was she, employed by the Ada County Prosecutor's Office. . . .
> He also argues that issues raised by "Butch Shotwell" were not presented. He does not state what issues should have been raised or what prejudice resulted from this alleged failure.

In its order, the district court dismissed the claim "because Petitioner has not specified . . . the alleged conflict of interest. All of the public defenders are employed by Ada County. That, in and of itself, does not create a conflict of interest." The court also concluded "there has been nothing specified as to issues raised by 'Butch Shotwell.'" Both the State and the district court addressed counsel's place of employment: the State by pointing out the fallacy of Olson's argument and the district court by clarifying that being employed by Ada County does not create a conflict in and of itself. In other words, Olson alleged nothing that would substantiate his claim, i.e. a failure to present evidence. The rationale of the district court was not so different in kind as to require twenty days' notice to Olson. As to the claim regarding Butch Shotwell, "nothing specified" is simply a different way of wording "he does not state." The district court was not required to provide further notice of its intent to dismiss this claim.

7

Olson's allegations in claim G included, "Counsel was negligent in performing her duties as counsel in court when petitioner tried talking to her about his rights and was told to be quiet by the court security and petitioners [sic] counsel." In its motion for summary dismissal the State responded, "[Olson] has not established prejudice and how the outcome in this case would be different even if this were true. The Advisory indicates he understood his rights from this Court." In the order of dismissal the district court found, "The Petitioner has not alluded to any specific evidence as to if or how he was threatened about speaking or communicating with the Court." The State's ground speaks to Olson's burden of showing prejudice in alleging ineffective assistance of counsel, as is required for such a claim to remain viable and survive summary dismissal. On the other hand, the district court's reasoning is based on whether Olson was coerced, threatened, or placed under duress during court hearings.[1] We conclude the grounds are different in kind and required notice by the district court prior to dismissal of the claim.

However, no substantial right of Olson was affected by the lack of notice in the first amended petition because Olson re-alleged, and the district court considered, the substantive assertions in claim G in the second amended petition. The procedural posture of this case and Idaho Rule of Civil Procedure 61 instruct us that reversal in this particular factual circumstance is not required. Rule 61 provides:

> No error . . . in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for . . . vacating, modifying, or otherwise disturbing a judgment or order unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

The district court granted leave to amend only as to the claim of ineffective assistance of counsel in relation to Olson's right to remain silent in sentencing matters. However, in his second amended petition, Olson also alleged that his guilty plea was not free and voluntary because of the limited communication between him and counsel, because of his belief that counsel had not investigated defenses, and because he was "told to be quiet in court when he tried to ask his attorney questions." The State made no objection, and the district court permitted this particular allegation to be addressed at the evidentiary hearing. Olson's defense counsel was a witness at

---

[1] We assume the court hearings referenced refer to the plea hearing and sentencing.

8

that hearing and answered questions specifically relating to Olson's allegations that he was told to be quiet in court. Because Olson later had the opportunity to be heard on this claim, the district court's dismissal of claim G in the first amended petition did not affect a substantial right.

## III.

## CONCLUSION

We conclude the district court abused its discretion by denying Olson's motion for appointment of counsel because it did not rule on the motion prior to dismissal of claims in the original petition and also by failing to provide any notice to Olson of its intent to dismiss. We also conclude the district court dismissed claim C in the first amended petition on grounds not different in kind from those asserted by the State in its motion for summary dismissal. We further conclude, however, that claim G in the first amended petition was dismissed on different grounds than those asserted by the State and required notice to Olson, but the error did not affect a substantial right of Olson's because the claim was re-alleged and considered by the district court in the second amended petition. Therefore, we reverse the order dismissing the original petition and remand the case for further proceedings consistent with this opinion. We affirm the order granting partial summary dismissal of the first amended petition.

Chief Judge GRATTON and Judge LANSING **CONCUR.**