**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 38752**

| | | |
|---|---|---|
| CARL D. PATTERSON, | ) | 2012 Unpublished Opinion No. 624 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: September 6, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bear Lake County. Hon. Mitchell W. Brown, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Carl D. Patterson, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Carl D. Patterson appeals from the district court's summary dismissal of his petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Patterson pled guilty to two counts of lewd conduct with a child and was sentenced to a unified term of twenty years with five years determinate on each count to be served concurrently. Patterson appealed his sentence, asserting that the district court abused its discretion by imposing an excessive sentence. This Court affirmed the sentence in *State v. Patterson*, Docket No. 35661 (Ct. App. Jan. 22, 2010) (unpublished).

Patterson then filed a pro se petition for post-conviction relief, alleging his counsel at the change of plea hearing provided ineffective assistance by advising him that a guilty plea would result in either retained jurisdiction or probation. The district court filed a "Notice of the Court's Intent to Dismiss Petition for Post-Conviction Relief." Thereafter, Patterson, through counsel,

1

filed an objection to the notice of intent to dismiss. The district court then filed a "Second Notice of the Court's Intent to Dismiss Petition for Post Conviction Relief." After Patterson objected to the second notice of the intent to dismiss, the district court summarily dismissed the petition, finding that Patterson waived his right to file for post-conviction relief in his plea agreement. The district court further found even if Patterson did not waive his right to pursue post-conviction relief, he nonetheless failed to present a genuine issue of material fact that his counsel's performance was deficient or prejudicial. Patterson timely appealed.

## II.

## ANALYSIS

Patterson contends the district court erred when it summarily dismissed his claim of ineffective assistance of counsel. He further contends the waiver of his right to file a post-conviction petition, asserted in his plea agreement, is unenforceable. The State asserts that Patterson failed to establish a genuine issue of material fact regarding his ineffective assistance of counsel claim. The State does not specifically respond to Patterson's claim that the waiver of post-conviction relief rights was invalid.

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (1994); *Hayes*, 146 Idaho at 355, 195 P.2d at 714.

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

3

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Hughes v. State*, 148 Idaho 448, 451, 224 P.3d 515, 518 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hughes*, 148 Idaho at 451, 224 P.3d at 518. To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Hughes*, 148 Idaho at 451, 224 P.3d at 518. To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Hughes*, 148 Idaho at 451, 224 P.3d at 518. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

Patterson contends his counsel at the change of plea hearing provided ineffective assistance by advising him that a guilty plea would result in either retained jurisdiction or probation. The district court noted, however, from several cases, although in varying contexts, a claim that counsel was ineffective in giving assurances of a particular sentence was held to not constitute grounds for post-conviction relief. *Buss v. State*, 147 Idaho 514, 517, 211 P.3d 123, 126 (Ct. App. 2009) (good faith assurance of leniency or a mere prediction of the anticipated sentence, even though sentence imposed is greater, is not ground for post-conviction relief); *Pierce v. State*, 124 Idaho 406, 860 P.2d 22 (1993) (affirming district court's conclusion that an assurance of leniency does not constitute grounds for post-conviction relief); *Walker v. State*, 92 Idaho 517, 446 P.2d 886 (1968) (misrepresentation by counsel as to the sentence Walker would receive did not constitute grounds for post-conviction relief).

As the district court further found, contrary to Patterson's allegations, the change of plea hearing indicates that he knew his counsel's alleged sentence assurances could not be relied upon. Patterson acknowledged that his potential sentence could be up to life imprisonment. He further acknowledged that no promises, including any special sentence, favorable treatment or leniency, were given to him concerning his sentence and that the judge was the only person that could determine the sentence. Patterson understood that his sentence might be different than expected, and if so, he had no right to withdraw his plea based on that fact. Accordingly, counsel's alleged representation of Patterson's sentence does not constitute grounds for post-conviction relief. Patterson has not established that a material issue of fact exists as to whether counsel's performance was deficient.

Finally, Patterson failed to demonstrate that any deficient performance prejudiced him. When the alleged deficiency involves counsel's advice in relation to a guilty plea, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (footnote omitted). Patterson has not alleged that he would not have pled guilty and would have insisted on going to trial but for the alleged deficient performance of counsel. "Moreover, to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, ___ U.S. ___, ___, 130 S. Ct. 1473, 1487 (2010) (citing *Roe v. Flores-Ortega*, 528 U.S. 470 (2000)). He has failed to allege or demonstrate that a

decision to reject the plea agreement would have been rational. Prior to the plea agreement, Patterson had been facing nineteen felony charges and a sentence of up to fixed life. For the aforementioned reasons, Patterson has failed to raise a genuine issue of material fact regarding ineffective assistance of counsel and his petition was properly summarily dismissed.

## III.

## CONCLUSION

Patterson has failed to demonstrate that the district court erred in summarily dismissing his claim that his counsel was ineffective. Therefore, the district court's order summarily dismissing Patterson's post-conviction petition is affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**