200 P.3d 1148

William Kris DeRUSHÉ, Petitioner–
Appellant,

v.

STATE of Idaho, Respondent.

No. 35116.

Supreme Court of Idaho,
Boise, November 2008 Term.

Jan. 22, 2009.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant. Diane M. Walker argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

EISMANN, Chief Justice.

This is an appeal from the dismissal of an application for post-conviction relief. We hold that the district court erred in dismissing the claim that the applicant had been denied the right to testify in his own behalf during the underlying criminal trial. We also hold that an applicant cannot challenge for the first time on appeal the sufficiency of the grounds stated in connection with the State's motion for summary disposition. We remand for further consideration of the claim that the applicant was denied his right to testify in his own behalf.

## I.  FACTS AND PROCEDURAL HISTORY

A jury found William DeRushé guilty of murder in the second degree. He pled guilty to unlawful possession of a firearm, and admitted to being a persistent violator. For the offense of murder in the second degree, the district court sentenced DeRushé to twenty years in the custody of the Idaho Board of Correction, with seven years fixed and the balance of the sentence indeterminate. The court sentenced him to a concurrent sentence of five years fixed in the custody of the Idaho Board of Correction for the offense of unlawful possession of a firearm. DeRushé appealed his sentence, and the Court of Appeals affirmed it on appeal in an unpublished opinion.

On June 17, 2005, DeRushé filed a *pro se* verified application for post-conviction relief and a supporting affidavit. He alleged errors in the underlying criminal proceeding by his trial counsel, by the prosecuting attorney, and by the jury. The alleged errors by his trial counsel were: (a) that his trial counsel deprived him of the right to testify in his own behalf; (b) that his trial counsel deprived him of his right to waive a jury trial; (c) that his trial counsel failed to investigate adequately the facts; (d) that his trial counsel failed to subpoena and call expert and other material witnesses; (e) that his trial counsel failed to have a psychological examination of DeRushé conducted prior to trial; (f) that his trial counsel failed to move for a new trial; and (g) that his defense counsel failed to adequately cross-examine a witness. The alleged errors by the prosecuting attorney were: (a) that the prosecution relied upon perjured testimony from four witnesses; and (b) that the prosecutor failed to provide his defense counsel with transcripts of all interviews with witnesses. The alleged error by the jury was that the jury failed to follow the instructions. According to DeRushé, had the jury done so it would have acquitted him.

On June 27, 2005, the district court appointed counsel for DeRushé. On December 13, 2005, the State filed a motion seeking summary disposition dismissing this action. It accompanied the motion with a memorandum stating the grounds for the motion. DeRushé responded by filing another affidavit. The motion was heard on May 26, 2006, and at the conclusion of the hearing the district court orally granted the motion. On June 8, 2006, the court entered an order dismissing this action. DeRushé then timely appealed.

The appeal was initially heard by the Court of Appeals. In an unpublished opinion, it affirmed the district court in part and reversed it in part, and remanded the case for further proceedings. We then granted the State's petition for review. In cases that come before this Court on a petition for review of a Court of Appeals decision, this Court gives serious consideration to the views of the Court of Appeals, but directly reviews the decision of the lower court. *Head v. State*, 137 Idaho 1, 2, 43 P.3d 760, 761 (2002).

## II. ISSUES ON APPEAL

1. Did the State's motion for summary disposition state with particularity the grounds of the motion?

2. Did the district court err by failing to take judicial notice of the file in the underlying criminal action?

3. Did the district court err in summarily dismissing the claim that DeRushé was denied effective assistance of counsel because his trial counsel denied him his constitutional right to testify?

## III. ANALYSIS

### A. Did the State's Motion for Summary Disposition State with Particularity the Grounds of the Motion?

Idaho Code § 19–4906(c) permits either party in a post-conviction relief proceeding to file a motion for summary disposition of the application. The trial court can grant the motion when "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.*

Because a post-conviction relief proceeding is governed by the Idaho Rules of Civil Procedure, *Stuart v. State*, 127 Idaho 806, 813, 907 P.2d 783, 790 (1995); I.C. § 19–4907(a), a motion for summary disposition must "state with particularity the grounds therefor." *Saykhamchone v. State*, 127 Idaho 319, 322, 900 P.2d 795, 798 (1995);

I.R.C.P. 7(b)(1). DeRushé contends that for the notice to state its grounds with particularity, "The notice must identify with particularity why an applicant's evidence or legal theories are considered deficient. The notice must provide any deficiency in the applicant's evidence or any legal analysis that needs to be addressed in order to avoid dismissal of the petition."

The particularity requirement of Rule 7(b)(1) does not mandate that level of detail. The Rule only requires reasonable particularity. *Patton v. Patton*, 88 Idaho 288, 292, 399 P.2d 262, 264–65 (1965). If the notice is sufficient that the other party cannot assert surprise or prejudice, the requirement is met. Id. at 292, 399 P.2d at 265. This was not a situation as in *Brown v. State*, 135 Idaho 676, 23 P.3d 138 (2001), in which the trial court had wrongly denied appointed counsel and had granted the State's motion for summary disposition because the applicant failed to allege sufficient facts to entitle him to any relief. In *Brown*, we stated that when a *pro se* applicant has requested the appointment of counsel, "[i]t is essential that the petitioner be given adequate notice of the claimed defects so he has an opportunity to respond and to give the trial court an adequate basis for deciding the need for counsel based upon the merits of the claims." *Id.* at 679, 23 P.3d at 141.

The applicant for post-conviction relief is required to make a prima facie case by presenting admissible evidence on each essential element of his or her claims. *Berg v. State*, 131 Idaho 517, 518–19, 960 P.2d 738, 739–40 (1998); I.C. § 19–4903. If the ground for summary disposition is that assertions by the applicant are not admissible evidence, stating the ground with reasonable particularity requires no more than the level of particularity required to object to the admissibility of that evidence, such as that it is conclusory, hearsay, or lacking foundation. It is rarely necessary to further explain those objections. If the ground for summary disposition is that there is no admissible evidence on an essential element of a claim, reasonable particularity only requires pointing that out. For example, claims of ineffective assistance of defense counsel or of prose-

cutorial misconduct in withholding evidence favorable to the accused both require prejudice to the defendant. *State v. Yakovac*, 145 Idaho 437, 444, 180 P.3d 476, 483 (2008) (a claim for ineffective assistance of counsel requires a showing "there is a reasonable probability that, but for counsel's errors, the result would have been different"); *Dunlap v. State*, 141 Idaho 50, 64, 106 P.3d 376, 390 (2004) (an essential element of a *Brady* violation is that "prejudice must have ensued"). Reasonable particularity only requires pointing out that there is a lack of evidence showing prejudice. It does not require explaining what further evidence is necessary, particularly since it may not exist.

■ In the present case, DeRushé was represented by counsel. If the State did not state the grounds of its motion with sufficient particularity, then DeRushé should have raised that issue below. He cannot raise the alleged lack of specificity for the first time on appeal. *Ferrier v. State*, 135 Idaho 797, 799, 25 P.3d 110, 112 (2001) (claim that state failed to give applicant a twenty-day notice of its motion for summary disposition could not be raised for the first time on appeal); *McCoy v. State*, 129 Idaho 70, 921 P.2d 1194 (1996) (applicant for post-conviction relief could not raise for the first time on appeal claims that his attorney in the underlying criminal action had a conflict and that the judge in that action breached a duty by failing to inquire about the conflict). Therefore, we will not consider DeRushé's claim that the State's motion for summary disposition did not state its grounds with sufficient particularity.

DeRushé contends that *Garza v. State*, 139 Idaho 533, 82 P.3d 445 (2003), holds that he can challenge on appeal whether the State alleged the grounds of its motion with sufficient particularity even though he did not raise that issue in the trial court. In *Garza*, the district court sua sponte gave notice of its intent to dismiss Garza's petition pursuant to Idaho Code § 19–4906(b), which requires the court to "indicate to the parties its intention to dismiss the application and *its reasons for so doing*." (Emphasis added.) Garza did not respond to the court's notice, and then appealed the dismissal contending that the notice was insufficient. We held that Garza's failure to respond to the district court's notice did not bar appeal of the dismissal. After considering the notice given by the district court, we held, "The district court did not give the rationale for dismissing the claims. The notice was insufficient and the dismissal on these grounds is vacated." *Id.* at 538, 82 P.3d at 450.

The district court cannot dismiss claims on its own motion if it does not give the parties a twenty-day prior notice stating its reasons for doing so as required by Idaho Code § 19–4906(b). *Garza v. State.* Likewise, if the State moves to dismiss a petition under Idaho Code § 19–4906(c), the court cannot dismiss a claim on a ground not asserted by the State in its motion unless the court gives the twenty-day notice required by Section 19–4906(b). *Saykhamchone v. State*, 127 Idaho 319, 322, 900 P.2d 795, 798 (1995). A district judge also errs in dismissing a petition where the State does not allege any grounds for the dismissal, other than "Idaho Code §§ 19–4901 et seq." *Id.* In the instant case, however, DeRushé has not pointed to any error by the district court. The State specified the grounds for its motion, and DeRushé responded to the motion and argued it without challenging the sufficiency of the State's grounds. If the grounds lacked sufficient particularity, DeRushé should have presented that issue to the district court and obtained a ruling on it. We would then have reviewed that ruling on appeal.

**B. Did the District Court Err by Failing to Take Judicial Notice of the File in the Underlying Criminal Action?**

DeRushé contends that the district court was obligated to take judicial notice of the proceedings in the underlying criminal action in order to decide the State's motion for summary disposition. Relying upon *Matthews v. State*, 122 Idaho 801, 839 P.2d 1215 (1992), DeRushé argues that the district court erred by not reviewing documents in the underlying criminal file and by not having trial transcripts prepared to review.

In *Matthews*, the trial court gave notice sua sponte of its intent to dismiss the petition for post-conviction relief pursuant to Idaho Code § 19–4906(b). Two of the issues raised by the applicant were that he had received

ineffective assistance of counsel both during the trial of the underlying criminal case conducted nine years earlier and on the subsequent appeal. In dismissing those claims, the court stated that it took judicial notice of the proceedings in the underlying criminal case and determined that the applicant had received competent representation at trial and had no valid issues that could have been raised on appeal. This Court vacated the dismissal, holding that a trial judge presiding over a post-conviction proceeding may not take judicial notice of testimony from a prior criminal trial by relying upon the judge's memory as to what that testimony was.

■■■ Unlike the judge in *Matthews*, the district court here did not state that he was taking judicial notice of any of the proceedings in the underlying criminal action. There was no need for the court to do so. Here, the State did not offer any evidence to controvert or supplement DeRushé's allegations. Rather, the State's motion asserted that DeRushé had failed to present any admissible evidence showing he was entitled to relief. "A claim for post-conviction relief will be subject to summary dismissal pursuant to section 19–4906 of the Idaho Code (I.C.) if the applicant has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof." *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998). "[S]ummary dismissal may be appropriate even where the State does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law." *State v. Yakovac*, 145 Idaho 437, 444, 180 P.3d 476, 483 (2008). The district court did not err in failing to take judicial notice of DeRushé's underlying criminal case.

**C. Did the District Court Err in Summarily Dismissing the Claim that DeRushé Was Denied Effective Assistance of Counsel Because His Trial Counsel Denied Him His Constitutional Right to Testify?**

In his petition and supporting affidavits, DeRushé stated that his attorney in the underlying criminal case had denied his request to testify in his own behalf. He set forth the testimony he wanted the jury to hear, which laid out facts to support a claim of self-defense. In rejecting this claim, the district court stated that DeRushé's counsel had the right to determine whether DeRushé testified and that there was no showing that his counsel was ineffective in deciding not to have DeRushé testify. The court's comments included the following:

> And so I think really the issue that is left with the court is the question of ineffective assistance of counsel as far as allowing Mr. DeRushé to testify.
>
> . . . .
>
> There's always a multitude of reasons that an attorney may choose not to have his client testify. . . . .
>
> . . . .
>
> The bottom line is that the objective standard of counsel does not appear from any of the facts in front of the court to have been violated. All of these considerations certainly could have been weighed by [Mr. DeRushé's counsel] in making his decision to simply rely on the state's burden to prove these charges under the circumstances of the dubious witnesses that the state had to work with, the circumstances of self-defense that were present, even without Mr. DeRushé's personal testimony.
>
> There's nothing in the record here to indicate that [Mr. DeRushé's counsel] clearly and simply breached a competent defense attorney standard by not putting Mr. DeRushé on the stand. . . . .
>
> I think the court has to look at what the defense attorney did and actually and basically look at those allegations and come to a pretty clear conclusion that that was an incompetent thing to do. There is nothing that is in front of the court or in the record that [DeRushé's counsel's] decision not to put Mr. DeRushé on breached that standard or breached the duty of counsel.

■■■ The district court erred in analyzing DeRushé's claim as alleging ineffective assistance of counsel rather than as alleging denial of his constitutional right to testify in his own behalf. A defendant in a criminal

proceeding has the right to testify in his own behalf. *State v. Fields,* 127 Idaho 904, 912, 908 P.2d 1211, 1219 (1995). Although a defendant can and should consult with counsel about the risks and benefits of testifying, the ultimate decision of whether to do so must be left to the defendant. The State also concedes that the district court erred in dismissing this claim. Because DeRushé alleged admissible facts showing that his counsel denied him the right to testify in his own behalf, we vacate the dismissal of this claim,[1] and we remand this case for further proceedings consistent with this opinion.

## IV. CONCLUSION

We vacate the dismissal of DeRushé's claim that his trial counsel in the underlying criminal action deprived him of his right to testify in his own behalf and affirm the dismissal of the remaining claims.

Justices BURDICK, J. JONES, W. JONES and HORTON concur.

---

1. DeRushé does not allege on appeal that the district court erred in dismissing any of his other claims for relief. He does address some of those claims in his argument that the State did not state the grounds of its motion with sufficient particularity, but he does not allege in his brief that the district court erred in dismissing those claims.