Judge GRATTON,
Dissenting.
I respectfully dissent. An applicant may challenge, for the first time on appeal, summary dismissal when no notice at all was given of the ground for dismissal. If a court determines to dismiss a claim on a ground for which no notice was given, the court must first give the applicant a twenty-day notice of its intent to dismiss on that ground. However, under DeRushé v. State, 146 Idaho 599, 200 P.3d 1148 (2009), an applicant is precluded from raising a claim of inadequate notice, i.e., failure of the State’s motion to state the grounds for dismissal with sufficient particularity, for the first time on appeal. Unless an applicant challenges the sufficiency of the State’s motion before the district court, it cannot be considered on appeal. I believe that to be the situation in this case.
The State’s motion states as its basis:
Respondent, State of Idaho, by and through the Bonneville County Prosecuting Attorney’s Office, moves the Court to dismiss Petitioner’s post-conviction petition. The petition is a successive petition to the petition filed by the petitioner in Bonneville County Case # CV-05-3532. Petitioner has no evidentiary basis to support his claims. Small v. State, 132 Idaho 327, 331, 971 P.2d 1151, 1155 (Ct.App.1999).
The motion, therefore, identified two grounds for dismissal, successive petition and a lack of evidentiary basis to support the claims raised in the application. The claim at issue here is that Buss’s counsel rendered ineffective assistance of counsel by incorrectly advising Buss that self-defense and justifiable homicide are not defenses available under Idaho law. The district court found that Buss had failed to provide sufficient evidence to support his claim of ineffective assistance of counsel. Thus, the district court dismissed the claim on the second ground set forth in the motion. Clearly, the State’s motion does, indeed, state that insufficiency of evidence as to Buss’s claims is a ground for dismissal.
In reality, what the majority does is engage in an analysis of the sufficiency of the notice. The real basis for the majority decision is the asserted failure of the notice to be stated with sufficient particularity. Whether the phrase “petitioner has no evidentiary basis to support his claims,” by itself does or does not constitute sufficient notice regarding the ground of insufficiency of the evidence under DeRushé, can be debated. However, the point is that analytically the majority should recognize, which it does not, that this is an analysis of whether the notice was given with sufficient particularity. Under DeRushé, since the issue of sufficiency of the notice was not raised below, it cannot be raised on this appeal.
It should be noted that the argument section of the State’s motion is completely inapposite to the claim that Buss’s counsel rendered ineffective assistance of counsel by incorrectly advising Buss that self-defense and justifiable homicide are not defenses available under Idaho law. The argument section is entirely devoted to Buss’s claims of ineffective assistance of counsel relating to his guilty plea. The district court noted that five ineffective assistance of counsel claims had been raised by the application: “(1) trial counsel told Buss that the defenses of self-defense and justifiable homicide do not exist in Idaho; (2) trial counsel coerced Buss to plead guilty; (3) trial counsel did not allow Buss to review witness statements; (4) Buss was on drugs at the time he pled guilty; and (5) Buss was not allowed to speak with his family before making the decision to plead guilty.” The majority incorrectly states that the argument section of the State’s motion addresses a claim Buss never made. In fact, the argument section addresses the issues of a voluntary and knowing plea raised by claims (2) through (5), above. Obviously, the State felt it necessary to further particularize *520 the basis for the motion as to the issues involving the guilty plea, but rely on the statement “Petitioner has no evidentiary basis to support his claims” as to claim (1), above. This is endorsed by DeRushé. DeRushé does not require adding anything to the statement that there is a lack of evidence supporting the claim. DeRushé states: “Reasonable particularity only requires pointing out that there is a lack of evidence showing prejudice. It does not require explaining what further evidence is necessary, particularly since it may not exist.” DeRushé, 146 Idaho at 602, 200 P.3d at 1151.
The notice issue cannot be addressed by the court on a sufficiency of notice analysis, as that is expressly precluded by DeRushé. In addition, since the motion states that “petitioner has no evidentiary basis to support his claims,” it cannot accurately be claimed that there is no notice. So, the majority turns to the question of whether a ground set forth in the motion is a ground upon which the court dismissed the claim. The State raised two “grounds” for dismissal, successive petition and insufficiency of the evidence. The district court dismissed the incorrect advice ineffective assistance of counsel claim on the second ground, insufficiency of the evidence. The majority holds that is not good enough. In fact, the majority holds that the basis for dismissal by the district court is a basis not even stated in the motion. In order to do so, the majority completely disregards the paragraph from the motion quoted above, and focuses solely on the argument section. Since the State did not restate the ground of insufficiency of the evidence as to the incorrect advice ineffective assistance of counsel claim in the argument section, the majority holds that the district court dismissed on a ground not set forth by the State. According to the majority, if there is no argument on the particular claim, any basis for dismissal by the district court will be held to be on a basis other than that stated in the motion. However, in my view, the arguments serve to provide particularization of the ground for dismissal and the question of whether the motion provides reasonable particularization should be reviewed under a sufficiency of notice analysis. Moreover, because DeRushé expressly provides that no argument is necessary when the ground for dismissal is insufficiency of the evidence, I fail to see what the State was required to say in the argument section of the brief about that ground.
The issue here is sufficiency of notice. De-Rushé speaks to the question of the sufficiency of the notice:
In the present case, DeRushé was represented by counsel. If the State did not state the grounds of its motion with sufficient particularity, then DeRushé should have raised that issue below. He cannot raise the alleged lack of specificity for the first time on appeal.
DeRushé, 146 Idaho at 602, 200 P.3d at 1151 (citations omitted). In this ease, Buss was represented by counsel at the hearing on the motion for summary dismissal.[4] At the hearing, the issue of sufficiency of the evidence regarding the prejudice element of the ineffective assistance of counsel claim crystallized into whether Buss had submitted any evidence relative to the viability of a self-defense or justifiable homicide defense. Buss’s counsel argued that the burden to come forward with such evidence should await an evidentiary hearing. The court suggested that Buss had the burden, on the motion, to at least bring forward enough evidence of viability of these defenses to create a genuine issue of fact, such that an evidentiary hearing would then be appropriate. Buss’s counsel acknowledged that any such evidence beyond the application itself had not been submitted relative to the motion. The court dismissed the claim stating that Buss had failed to submit any facts supporting self-defense or justifiable homicide and, therefore, failed to support the element of prejudice. Buss did not object to the adequacy of the State’s motion. Buss did not object to the potential basis for dismissal asserted by the court during the hearing, express surprise or request additional time to supplement the record with additional evi *521 dence. Since this case represents a sufficiency of the notice issue and not a case of the district court dismissing on a ground wholly different than that set forth in the motion, DeRushé appears to preclude the issue being considered on this appeal.

. The application was filed on December 15, 2005. Counsel was appointed the next day. The State's motion was filed on February 27, 2006. The hearing was conducted on April 6, 2006. Buss submitted nothing in response to the motion.