**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42763**

| | | |
|---|---|---|
| **KENNETH EUGENE THURLOW,** | ) | **2016 Unpublished Opinion No. 676** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: September 12, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Jeff M. Brudie, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed in part</u>, <u>reversed in part</u>, and <u>case remanded</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Dennis Benjamin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Kenneth Eugene Thurlow appeals from the district court's judgment summarily dismissing his petition for post-conviction relief.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Thurlow with first degree murder. The State offered to recommend a ten-year determinate sentence in exchange for Thurlow's guilty plea to second degree murder. Thurlow refused the State's plea offer. Thurlow's trial counsel sent Thurlow a printout of Idaho Code § 18-205, bearing a print date of September 11, 2006, which defines the crime of accessory after the fact. At the bottom of the printout was a handwritten note from Thurlow's trial counsel, which read:

> This is the crime I believe you would/will be found guilty of if we go to trial. Maximum penalty is 5 yrs. *State v. Barnes* is attached. It is a Bonner Co. case

1

[and] explains how little a person has to do to become an accessory after the fact. Thought you might be interested.

Thurlow went to trial on September 18, 2006, and the jury found him guilty of first degree murder. The district court sentenced Thurlow to a determinate life sentence. Thurlow appealed, and this Court affirmed his judgment of conviction and sentence. *See State v. Thurlow*, 152 Idaho 256, 269 P.3d 813 (Ct. App. 2011).

Thurlow filed a pro se petition for post-conviction relief and affidavit, alleging his trial counsel was ineffective because she failed to provide him with accurate information during plea bargaining. According to Thurlow, he turned down the State's plea offer because his trial counsel advised him that he would be convicted of accessory after the fact if he went to trial.

Thurlow deposed his trial counsel[1] and amended his petition, attaching the note as evidence of his trial counsel's allegedly defective advice. The State answered and moved for summary dismissal. Thurlow responded, and the district court held a hearing on the State's motion for summary dismissal. The district court granted the State's motion and dismissed Thurlow's petition, finding no evidence that disputed his trial counsel's deposition testimony regarding her performance.[2] Thurlow timely appeals.

## II.

## ANALYSIS

Thurlow asserts the district court erred in summarily dismissing his petition for post-conviction relief. A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a

---

[1]     Although the district court did not authorize discovery, neither the State nor the district court objected to this deposition or its use. Thurlow attached the transcript of the deposition to his amended petition.

[2]     Thurlow raised other claims not at issue on appeal. Summary dismissal of all claims other than the sole claim on appeal is affirmed.

short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be

appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

Thurlow specifically asserts the district court erred in summarily dismissing his ineffective assistance of counsel claim. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). Thus, to make a prima facie case of ineffective assistance of counsel and survive summary dismissal, the petitioner must establish both deficiency and prejudice. *See Strickland*, 466 U.S. at 687-88; *DeRushé*, 146 Idaho at 603, 200 P.3d at 1152. To establish deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, a defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

The district court found that Thurlow did not provide any evidence to controvert trial counsel's deposition testimony and create a genuine issue of material fact regarding trial

4

counsel's alleged deficiency in the plea bargaining process. Thurlow argues his pleadings and affidavit controverted trial counsel's deposition and created a genuine issue of material fact.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether a genuine issue of fact exists to preclude summary dismissal. *Baldwin v. State*, 145 Idaho 148, 153, 177 P.3d 362, 367 (2008). Thus, we evaluate trial counsel's deposition and Thurlow's pleadings and affidavit to determine whether a genuine issue of material fact exists regarding trial counsel's alleged deficiency in the plea bargaining process.

In her deposition, Thurlow's trial counsel said she tried to convince Thurlow to take the State's plea offer; the plea offer required both Thurlow and his co-defendant, Christopher Lewers, to accept the offer; and Thurlow and Lewers both refused to take the plea offer. She also said she sent the note in September 2006 after the plea offer had expired in June 2006 and as a follow up to a conversation in which Thurlow asked her "at the very least what he would be convicted of under the circumstances."[3]

In his petition, Thurlow asserted that at the time the State made its plea offer, his trial counsel had advised him that she believed he would be found guilty of accessory after the fact if he went to trial. Thurlow also asserted he would have accepted the State's plea offer absent trial counsel's advice. Similarly, Thurlow's affidavit alleged he "would have accepted the state['s] proffered plea bargain . . . if he had not received the note from his trial attorney" advising him that he would be convicted of accessory after the fact at trial. In his amended petition, Thurlow asserted "he would have taken the initial plea offer . . . instead of proceeding to trial" if not for trial counsel's "assurances that he would most likely be convicted of Accessory After the Fact." Thurlow also quoted trial counsel's deposition at length, stated that he disagreed "with the 'self-serving spin' placed on the nature of the plea negotiations as characterized by [Thurlow's trial counsel] in her deposition," and attached the note as evidence of his trial counsel's allegedly defective advice.

This case presents unique circumstances. The district court had before it a pro se petition and affidavit, a verified amended petition with supporting evidence, and a deposition of trial

---

[3] Trial counsel also stated: "The final plea negotiation, or at least offer that we got, was in letter form. I provided you a copy of that." However, the plea offer is not included in the record on appeal.

counsel. Trial courts generally do not have this amount of evidence before them on a motion for summary dismissal. Although the amount of available evidence makes our decision more difficult, we conclude that genuine issues of material fact exist and Thurlow's pleadings and affidavit contained sufficient evidence to preclude summary dismissal on the grounds of deficient performance. While Thurlow's pleadings and affidavit are thin on specific facts, they generally controvert trial counsel's deposition testimony regarding the nature of her advice to Thurlow, the availability of the plea offer when she gave the advice, and Thurlow's reliance on the advice in turning down the plea offer. Thus, Thurlow's pleadings and affidavit contain sufficient factual allegations relative to trial counsel's ineffective assistance of counsel in the plea bargaining process to create a genuine issue of material fact and preclude summary dismissal.

## III.

## CONCLUSION

Genuine issues of material fact regarding trial counsel's ineffective assistance of counsel in the plea bargaining process exist. The district court's judgment summarily dismissing Thurlow's petition for post-conviction relief is affirmed in part, reversed in part, and remanded to the district court for further proceedings consistent with this opinion on the plea bargain claim.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.