**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49337**

| | |
|---|---|
| ADAM LUCAS SAPIEN, | ) |
| | ) **Filed: March 23, 2023** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. James Cawthon, District Judge.

Judgment dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant. Andrea W. Reynolds argued.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

GRATTON, Judge

A jury found Adam Lucas Sapien guilty of driving under the influence (DUI), Idaho Code §§ 18-8004, 18-8005(9); and he pled guilty to the felony enhancement and a persistent violator enhancement, I.C. § 19-2514. Sapien filed a petition for post-conviction relief raising several claims. The district court entered a judgment dismissing Sapien's petition. Sapien appeals asserting the district court erred by dismissing his claim that his counsel was constitutionally ineffective for failing to file a motion to suppress his non-*Mirandized*[1] admission to driving.

---

[1]  *See Miranda v. Arizona*, 384 U.S. 436 (1966).

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Sapien struck a vehicle in a parking lot. The officer who investigated the crash testified at trial that while investigating a crash he encountered Sapien, asked him questions to which Sapien answered that he had been drinking and had been at the scene of the crash, administered field sobriety tests, and then arrested Sapien. A jury convicted Sapien of DUI, and Sapien admitted the felony and persistent violator enhancements.

Sapien timely filed a pro se petition for post-conviction relief alleging three claims for relief: (1) trial counsel was ineffective when he did not investigate, prepare for trial, or present any evidence that Sapien was not in actual physical control of his vehicle while under the influence of alcohol; (2) trial counsel was ineffective for failing to move for a mistrial after two jurors saw Sapien in handcuffs and leg shackles at trial; and (3) his rights under the Fourth and Fifth Amendments were violated when an illegally obtained search warrant was authorized by the magistrate court and his trial counsel failed to file a motion to suppress to exclude statements that were not *Mirandized*. Only the second claim was heard at an evidentiary hearing; the remaining claims were summarily dismissed. The district court entered judgment dismissing Sapien's petition. Sapien timely appeals.

# II.

## STANDARD OF REVIEW

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic

2

decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted ineffective assistance. *Lint v. State*, 145 Idaho 472, 477, 180 P.3d 511, 516 (Ct. App. 2008). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Lint*, 145 Idaho at 477-78, 180 P.3d at 516-17.

On appeal from an order of dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. Idaho*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

### III.

### ANALYSIS

Sapien argues that the district court erred in summarily dismissing his claim that his counsel was constitutionally ineffective for failing to file a motion to suppress his non-*Mirandized* admission to driving because Officer Cook, the officer who arrested him, never saw Sapien in actual physical control of his vehicle and interrogated him without providing *Miranda* warnings. The district court dismissed this claim after concluding, based on Sapien's allegations, that a motion to suppress Sapien's statements would have been denied because his statements to officers were admissible. We affirm.

The requirement for *Miranda* warnings is triggered by custodial interrogation. *State v. Medrano*, 123 Idaho 114, 117, 844 P.2d 1364, 1367 (Ct. App. 1992). The United States Supreme Court equated custody with a person being deprived of his or her freedom by the authorities in any significant way. *Miranda v. Arizona*, 384 U.S. 436, 478 (1966). This test has evolved to define custody as a situation where a person's freedom of action is curtailed to a degree associated with formal arrest. *Berkemer v. McCarty*, 468 U.S. 420, 440 (1984); *State v. Myers*, 118 Idaho 608,

3

610, 798 P.2d 453, 455 (Ct. App. 1990). The initial determination of custody depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned. *Stansbury v. California*, 511 U.S. 318, 323 (1994). To determine if a suspect is in custody, the only relevant inquiry is how a reasonable person in the suspect's position would have understood his or her situation. *Berkemer*, 468 U.S. at 442; *Myers*, 118 Idaho at 611, 798 P.2d at 456.

In the third claim of his petition, Sapien combined the Fourth and Fifth Amendments, alleging he was "denied" his Fourth Amendment right to be free from unlawful seizure of his blood and his Fifth Amendment right against compulsory self-incrimination when an illegally obtained search warrant was authorized by magistrate, which counsel failed to suppress. In support of the Fifth Amendment component of this claim, Sapien averred, in relevant part, that "Officer Cook admitted he never Mirandized [Sapien]; and at trial he told the jury [Sapien] made an admission of guilt, stating he had driven his car onto the Auto Zone parking lot." In his supporting affidavit, Sapien claimed that he "advised counsel, that from the moment [he] was detained by the police [he] was never given [his] Miranda rights. [He] asked him to suppress statements [he] made to police." The State filed a motion for summary dismissal, to which Sapien responded with the assistance of counsel. In his response, Sapien did not reference any Fifth Amendment *Miranda* claim, instead characterizing his third claim as alleging only ineffective assistance of counsel for failing to "file a motion to suppress the blood draw." Nor did Sapien present any argument regarding his *Miranda* claim in his response to the State's motion or assert there was a genuine issue of material fact in relation to any such claim. Nevertheless, in its memorandum decision on the State's motion, the district court addressed the combined Fourth and Fifth Amendment claim from Sapien's petition. Regarding Sapien's statements, the district court stated the lack of *Miranda* warnings prior to Sapien's arrest did not support suppression of Sapien's statements to law enforcement. The district court then described the circumstances surrounding law enforcement's interaction with Sapien in the parking lot following the crash and concluded there was no constitutional violation in relation to Sapien's detention and that Sapien's statements were admissible. Accordingly, the district court concluded counsel was not deficient for failing to file a motion to suppress Sapien's statements, and gave notice of its intent to dismiss this portion of Sapien's third claim.

4

At oral argument, Sapien argued that, as to his *Miranda* claim, the district court's notice of intent to dismiss did not articulate the ultimate grounds for dismissal as required by I.C. § 19-4906(c). However, in his opening brief on appeal Sapien raised misapplication of the relevant law, but did not argue a lack of notice of the basis upon which the claim would be dismissed. "A reviewing court looks only to the initial brief on appeal for the issues presented because those are the arguments and authority to which the respondent has an opportunity to respond in the respondent's brief." *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005).

The notice requirement of I.C. § 19-4906(c) is met if the notice is sufficient that the party subject to the notice cannot assert surprise or prejudice. *DeRushé v. State*, 146 Idaho 599, 601, 200 P.3d 1148, 1150 (2009). Because a post-conviction proceeding is governed by the Idaho Rules of Civil Procedure, a motion for summary dismissal or notice of intent to dismiss must, pursuant to I.R.C.P. 7(b)(1), state the grounds for dismissal with reasonable particularity. *DeRushé*, 146 Idaho at 601, 200 P.3d at 1150. In the context of an ineffective assistance of counsel claim, reasonable particularity only requires pointing out that there is a lack of evidence showing deficient performance or prejudice. *See id.* at 601-02, 200 P.3d at 1150-51. It does not require explaining what further evidence is necessary to substantiate a petitioner's claim. *Id.* at 602, 200 P.3d at 1151. If a petitioner believes the grounds for dismissal alleged by the State in its motion for summary dismissal or in the district court's notice of intent to dismiss are insufficient, he must object in the court below. *Kelly v. State*, 149 Idaho 517, 522 n.1, 236 P.3d 1277, 1282 n.1 (2010). A petitioner cannot challenge the sufficiency of the notice for the first time on appeal. *DeRushé*, 146 Idaho at 602, 200 P.3d at 1151. However, a petitioner may assert for the first time on appeal that his post-conviction claims were dismissed without any notice at all. *Kelly*, 149 Idaho at 522, 236 P.3d at 1282.

The district court provided adequate notice of its reasons for dismissing Sapien's *Miranda* claim. The court acknowledged that Sapien had not been *Mirandized* prior to his arrest. However, the court stated that the lack of *Miranda* warnings did not support suppression. After addressing a variety of facts and factors relative to the stop, the court noted that field sobriety tests were conducted after Sapien admitted driving and concluded that the "statements to police prior to his arrest on the day of the accident" would not have been suppressed. To the extent that Sapien had concerns about the Fifth Amendment analysis, including whether the district court conflated it with

Fourth Amendment principles, he was required to address that with the district court. Sapien, however, filed no response to the notice of intent to dismiss.

Regarding the accuracy of the district court's reasons for dismissing Sapien's *Miranda* claim, Sapien argues that the district court erred because it included a reasonable suspicion analysis not relevant to whether Sapien's unwarned statements should have been suppressed based on a *Miranda* violation. Sapien further argues that the correct analysis would be to consider whether Sapien made the unwarned statements after custody had attached while considering all of the circumstances surrounding the interrogation to determine how a reasonable person would have understood the situation.

First, the district court's discussion of reasonable suspicion, while perhaps unnecessary to the Fifth Amendment *Miranda* analysis, bore upon the circumstances of the interrogation and whether the statements were made during a legal investigative detention, prior to an arrest, or the functional equivalent thereof. Sapien acknowledges that there are no factual issues in the record to establish the custody prerequisite to *Miranda* warnings.

Even if the district court applied the wrong law, or incorrectly conflated the Fourth and Fifth Amendments, this Court, upon review, can apply the correct law to determine whether Sapien presented admissible evidence demonstrating a genuine issue of material fact that would entitle him to an evidentiary hearing on his *Miranda* claim. *See Ridgley*, 148 Idaho at 675, 227 P.3d at 929. Given there is no factual development which would establish Sapien was in custody when he made the statements he claims should have been suppressed, applying the Fifth Amendment analysis to Sapien's *Miranda* claim produces the same result that the district court reached. That is, that dismissal is appropriate.

According to the testimony of the officer at the preliminary hearing and at trial, which are consistent with allegations made by Sapien,[2] the officer encountered Sapien while investigating a crash, asked Sapien questions to which he answered that he had been drinking and had been at the scene of the crash, administered field sobriety tests, and then arrested Sapien. Sapien's allegations and the underlying record establish that his *Miranda* rights had not attached through formal arrest

---

[2] Sapien alleged that the officer detained him, did not *Mirandize* him, interrogated him, performed a standard field sobriety test, and then, "[b]ased on the results of the above-mentioned test," placed him under arrest. Thus, Sapien alleged that his interrogation and unwarned statements preceded his arrest.

or a restraint on his freedom of movement to the degree associated with a formal arrest. The district court clearly found that the statements were made prior to arrest. Additionally, that the district court referenced Fourth Amendment principles as part of its analysis of the admissibility of Sapien's statements does not show error. As a result, Sapien failed to show any grounds to suppress evidence of those statements. Sapien's *Miranda*-based claim fails both prongs of the *Strickland* test, and we affirm the judgment of the district court dismissing Sapien's claim for post-conviction relief.

## IV.
## CONCLUSION

The district court did not err in dismissing Sapien's claim that his counsel was ineffective for failure to file a motion to suppress. The district court's judgment dismissing Sapien's petition for post-conviction relief is affirmed.

Chief Judge LORELLO and Judge BRAILSFORD **CONCUR**.