IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 50794

| | | |
|---|---|---|
| LARRY RAY HALBERT, | ) | |
| | ) | Filed: August 29, 2025 |
| Petitioner-Appellant, | ) | |
| | ) | Melanie Gagnepain, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. Rosemary Emory, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Larry Ray Halbert appeals from a judgment summarily dismissing his petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a plea agreement in his underlying criminal case, Halbert pled guilty to felony driving under the influence (DUI) (two or more within ten years), I.C. §§ 18-8004 and 18-8005(6), and vehicular manslaughter, I.C. § 18-4006(3)(b). Halbert appealed his judgment of conviction, specifically challenging the district court's denial of his motion to dismiss, which this Court affirmed in an unpublished opinion. *See State v. Halbert*, Docket No. 47718 (Ct. App. May 6, 2021).

1

Halbert filed a pro se petition for post-conviction relief. Halbert also requested appointment of post-conviction counsel, which the district court granted.[1] Halbert's petition raised three claims: (1) that his conviction was "in violation of the Constitution of the United States"; (2) that there existed "evidence of material facts not previously presented and heard that would require vacation of" his conviction; and (3) ineffective assistance of trial counsel. Relevant to this appeal is Halbert's claim that his trial counsel was ineffective. In support of his ineffective assistance of trial counsel claim, Halbert alleged his trial counsel failed to do the following:

- [Trial counsel] failed to submit a motion to dismiss in a timely manner; with my constant urging.
- [Trial counsel] failed to bring to light major medical facts such as; blood transfusion prior to blood draw, handling of blood after blood draw, [Halbert's] medication levels during proceedings.
- Driver of other vehicle was driving without headlights on.
- Multiple [blood alcohol concentration samples] not in line with state witness's observation of [Halbert's] state of mind.
- Medically induced drugs taken into account of driving under the influence charge; i.e., fentanyl and ketamine.
- Continuances of hearing were by appointed attorney and not of [Halbert's] doing. i.e., medical was rarely if ever actually a factor.
- [Officer] openly admits that he did not see the blood come from my body and admits he opened blood sample after sealed.

The State moved for summary dismissal. In its supporting brief, the State argued Halbert's petition, generally, and the ineffective assistance of trial counsel claims, specifically, failed to allege a genuine issue of material fact. The State further argued that Halbert's ineffective assistance of trial counsel claims were "conclusory in nature and unsubstantiated by any fact" and did not satisfy the two-part standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The district court held a hearing on the State's motion and ultimately denied relief on all of Halbert's claims. According to the district court, Halbert failed to meet "his burden of establishing

---

[1] The record shows that post-conviction counsel did not file an amended petition and elected to proceed on Halbert's pro se petition.

ineffective assistance of counsel." Therefore, the district court granted the State's motion and entered judgment summarily dismissing Halbert's petition. Halbert appeals.[2]

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Halbert argues the district court erred in summarily dismissing his petition for post-conviction relief. Specifically, Halbert asserts the district court erred in "dismissing his claim that his trial counsel unnecessarily continued hearings without" Halbert's consent "because he did not have any notice of the district court's grounds for dismissal of the claim." The State responds that Halbert received notice of the reasons for dismissal. We hold that Halbert has failed to show his petition for post-conviction relief was dismissed without notice.

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades*, 148 Idaho at 249, 220 P.3d at 1068; *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction

---

[2] This Court stayed the appeal in this case pending issuance of the Idaho Supreme Court's decision in *Bell v. State*, ___ Idaho ___, ___ P.3d ___ (2025). The *Bell* decision was issued on July 14, 2025, and this appeal was reinstated on August 5, 2025.

relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

4

Because a post-conviction proceeding is governed by the Idaho Rules of Civil Procedure, a motion for summary dismissal must, pursuant to I.R.C.P. 7(b)(1), state the grounds for dismissal with particularity. *DeRushé*, 146 Idaho at 601, 200 P.3d at 1150. If the ground for summary disposition is that there is no admissible evidence on an essential element of a claim, reasonable particularity only requires pointing that out. *Id*. For an ineffective assistance of counsel claim, reasonable particularity only requires pointing out that there is a lack of evidence showing deficient performance or prejudice pursuant to the *Strickland* standard. *See DeRushé*, 146 Idaho at 601-02, 200 P.3d at 1150-51. It does not require explaining what further evidence is necessary to substantiate a petitioner's claim. *Id*. at 602, 200 P.3d at 1151. If a petitioner believes the grounds for dismissal alleged by the State in its motion for summary dismissal are insufficient, the petitioner must object in the district court. *Kelly*, 149 Idaho at 522 n.1, 236 P.3d at 1282 n.1. A petitioner cannot challenge the sufficiency of the State's ground for dismissal for the first time on appeal. *DeRushé*, 146 Idaho at 602, 200 P.3d at 1151.

In this case, the State moved for summary dismissal of all of Halbert's claims. In its brief in support of summary dismissal, the State cited the *Strickland* standard applicable to ineffective assistance of counsel claims and argued Halbert's claims were "unsubstantiated and unsupported" and failed to raise a material issue of fact. Regarding the ineffective assistance of trial counsel claims, the State focused on Halbert's allegation that his trial counsel "was ineffective for failing to submit a motion to dismiss in a timely manner." While Halbert did not specify the motion to dismiss he was referencing, the State presumed Halbert referred to "the speedy-trial motion that his attorney did file." According to the State, Halbert appeared "to be claiming that if the motion had been filed earlier, it would have been granted." However, the State emphasized that the speedy trial motion "was brought, heard, and denied by the trial court." The State further noted that the trial court's decision on Halbert's motion was "appealed, heard, and" affirmed by this Court in an unpublished opinion. *See Halbert*, Docket No. 47718. Consequently, the State argued that the deficiency Halbert alleged failed to meet both prongs of *Strickland* because the motion, if pursued, would not have been granted by the trial court. Accordingly, the State asserted Halbert's "motion would not have been successful" and maintained Halbert's claim was "a presumed assertion, conclusory in nature and unsubstantiated by any fact."

5

The district court held a hearing on the State's motion and found that Halbert's "final claim of ineffective assistance of counsel" failed. The district court noted that, to prove a claim of ineffective assistance of trial counsel, Halbert was required to "show that the attorney's performance was deficient and that [Halbert] was prejudiced by the deficiency." The district court concluded that Halbert failed to meet "his burden of establishing ineffective assistance of counsel." Accordingly, the district court granted the State's motion and summarily dismissed Halbert's ineffective assistance of trial counsel claim.

On appeal, Halbert asserts the district court erred in summarily dismissing his ineffective assistance of counsel claim that alleged "continuances of hearings were by appointed attorney and not of [Halbert's] doing." Halbert contends that the State did not "expressly discuss this assertion" in its request for summary dismissal, the assertion was not raised at the summary dismissal hearing, and the district court "did not mention the continuance claim" in its decision. Halbert further argues that the "continuance claim" is distinct from the motion to dismiss that was specifically discussed by the State and, as such, the State was required to "expressly" address it in its motion for summary dismissal for it to be dismissed based on the State's motion. We disagree.

Halbert's argument treats one of the factual allegations supporting his ineffective assistance of trial counsel claim--that trial counsel continued hearings without Halbert's consent--as a distinct, separate claim. If viewed as a distinct, separate claim, the claim is nonsensical. A complaint that counsel requested continuances without Halbert's consent means nothing unless those requests constituted deficient performance and resulted in prejudice. In Halbert's case, the logical context for the allegations relates to a motion to dismiss based on a speedy trial violation--the issue Halbert raised on direct appeal in which we noted that the continuances in Halbert's underlying criminal case weighed against his speedy trial claim in terms of the reason for the delay. The State's summary dismissal arguments in district court are consistent with this understanding--an understanding to which Halbert never objected until he raised his lack of notice claim on appeal. If Halbert disagreed with that interpretation of his ineffective assistance of counsel claims, he should have raised that objection in district court; he did not. *See Bell*, \_\_\_ Idaho at \_\_\_, \_\_\_ P.3d at \_\_\_ (applying preservation principles to notice claims in post-conviction).

6

Even if Halbert's allegation regarding the continuance is considered independently, then it was correctly dismissed as bare and conclusory under *Strickland*--a basis generally asserted by the State in requesting summary dismissal and encompassed within the district court's opinion dismissing all of Halbert's ineffective assistance of counsel claims. Halbert has failed to demonstrate any error in the notice he was provided before the district court summarily dismissed his post-conviction petition in its entirety.

## IV.

## CONCLUSION

Halbert has failed to show that the district court erred in summarily dismissing his petition for post-conviction relief. Accordingly, the judgment summarily dismissing Halbert's petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.